## PASQUOTANK HOSIERY COMPANY v. HEMPHILL COMPANY.

### (Filed 2 March, 1938.)

**1. Sales § 18—**

Testimony by the president of the purchasing company that the company had paid the purchase price after discovery of every defect complained of, precludes recovery for breach of warranty and for failure to furnish necessary parts when needed.

**2. Sales § 20—When purchaser's own evidence does not admit liability for purchase price, directed verdict for seller is error.**

A directed verdict for the seller on its counterclaim for the purchase price of needles in the purchaser's action for breach of warranty, is error when the purchaser's testimony contains no admission of liability for the purchase price of the needles, the burden of proof on the issue being on the seller.

**3. Trial § 27—**

Ordinarily, a verdict may not be directed in favor of the party having the burden of proof.

APPEAL by plaintiff from *Parker, J.,* at November Term, 1937, of PASQUOTANK.

Civil action to recover (1) for alleged breach of contract in the sale or reconditioning of hosiery knitting machines, and (2) for failure to furnish necessary parts when needed.

The defendant interposed a counterclaim (1) for balance due on said machines, and (2) for quantity of needles shipped at the same time.

The president of plaintiff company testified on cross-examination: "We paid them every penny of the purchase price for all sixty machines except $528.00. The reason we held that out was not on account of any defects in the machines, but because we claim that they had wrongfully charged us for needles. . . . We paid for the machines after we discovered every defect about them I have testified to on this stand— that is to say, we paid all except $528.00 which we held back for needles."

There was a directed verdict against the plaintiff on both of its causes of action and in favor of defendant on its counterclaim. Exception.

From judgment on the verdict, peremptorily instructed, plaintiff appeals, assigning errors.

*John H. Hall and M. B. Simpson for plaintiff, appellant.*
*McMullan & McMullan for defendant, appellee.*

STACY, C. J. The case was tried upon plaintiff's evidence, which fails to make out either cause of action as alleged in the complaint.

---

BANK *v.* BRYSON CITY.

---

*Parker v. Fenwick,* 138 N. C., 209, 50 S. E., 627, but it would seem that the issues raised by the counterclaim should have been submitted to the jury. There is no admission in plaintiff's testimony of liability for the needles.

Moreover, it is seldom that a verdict can properly be directed in favor of the party upon whom rests the burden of proof. *Reed v. Madison County, ante,* 145.

The plaintiff is entitled to a new trial on the issues relating to the counterclaim.

Partial new trial.